**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INGE BERGE,<br>Plaintiff,<br>v.<br>SCHOOL COMMITTEE OF GLOUCESTER; BEN LUMMIS, in his personal capacity; ROBERTA A. EASON, in her personal capacity; and STEPHANIE DELISI, in her personal capacity,<br>Defendants. | Civil Action No. ________________<br><br>**VERIFIED COMPLAINT** |

This is a Civil Action brought by Plaintiff Inge Berge against Defendants School Committee of Gloucester, Ben Lummis, Roberta A. Eason, and Stephanie Delisi. Mr. Berge brings a claim under 42 U.S.C. § 1983 for Defendants' violation of Mr. Berge's First Amendment rights, and alleges as follows:

**THE PARTIES**

1. Plaintiff Inge Berge is an individual and citizen journalist who resides in Gloucester, Massachusetts.

2. Defendant School Committee of Gloucester is a school committee organized pursuant to G.L. c. 43, sec. 31 and Article 4, Section 4-1(a) of the Code of Ordinance, City of Gloucester, Massachusetts, that exercises control and management of the public schools of the City of Gloucester.

3. Defendant Ben Lummis is the Superintendent of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

4. Defendant Roberta A. Eason is the Human Resources Director of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

5. Defendant Stephanie Delisi is the Executive Secretary of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

RANDAZZA | LEGAL GROUP

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution. Personal jurisdiction and venue should be obvious.

## FACTUAL BACKGROUND

7. Inge Berge is a citizen journalist residing in Gloucester, Massachusetts who publicly discusses Massachusetts and local governments' COVID-19 restrictions and other political issues.

8. On March 3, 2022, Inge Berge entered the office of the Superintendent of Gloucester Public Schools, Ben Lummis. He went there to discuss an issue wherein Gloucester Public Schools were limited seating capacity at school events purportedly for the purpose of public safety, despite all statewide COVID-19 mandates in Massachusetts having been lifted. These restrictions were making it difficult to purchase tickets for him to attend his daughter's middle school play.

9. The Superintendent's office is a public building that is accessible to the general public.

10. When Mr. Berge entered the building, he was directed to Executive Secretary Stephanie Delisi and began to speak with her. He began this conversation by stating "I'm filming this, I'm doing a story on it."

11. Gregg Bach, the Assistant Superintendent of Teaching & Learning, then approached Mr. Berge and spoke with him regarding Mr. Berge's attempt to attend his daughter's play. The two had a pleasant conversation, after which Mr. Berge left the building.

12. The same day, Mr. Berge then uploaded his recording of the above encounter to his publicly accessible Facebook page, adding commentary .[1]

13. Also on the same day, Mr. Berge received a letter from Gloucester Public Schools signed by Roberta A. Eason, its Director of Human Resources. This letter claimed that Mr. Berge was in violation of the Massachusetts wiretapping statute, Mass. Ann. Laws ch. 272, § 99 (the

[1] Available at: https://www.facebook.com/inge.berge.9/videos/1571702173204109.



RANDAZZA | LEGAL GROUP

"Wiretapping Law"), because he recorded his conversation with Delisi without her consent and uploaded the video to Facebook.

14. The letter concludes with a demand that Mr. Berge "immediately remove the post from your Facebook account and/or any other communications to prevent the pursuit of legal in this matter." (*See* demand letter from Gloucester Public Schools, attached as **Exhibit 1**.)

15. Mr. Berge did not violate the Wiretapping Law. The law only forbids the "interception" of communications, which is defined as "to *secretly* hear [or] *secretly* record . . . the contents of any wire or oral communications . . . ." Mass. Gen. Laws ch. 272, § 99(B)(4) (emphasis added). The law thus prohibits only the surreptitious recording of conversations.

16. There was nothing "secret" about Mr. Berge's recording; he prominently displayed his recording device and informed Ms. Delisi he was recording.

17. Any reasonable person would know that Mr. Berge did not violate the Wiretapping Law. Any level of review of the law would inform the average person that recording a conversation with the knowledge of all participants does not violate it.

18. Though the March 3 letter does not specify what legal action Defendants were threatening to take, violation of the Wiretapping Law can bring a fine of $10,000 and up to five years in prison for secretly recording a conversation, and a fine of $5,000 and two years in jail for using such a recording. Mass. Ann. Laws ch. 272, § 99(C)(1) & (3)(b). Furthermore, any aggrieved person may bring a civil action for violation of the law, with possible remedies including (1) actual damages of up to $1,000; (2) punitive damages; and (3) attorneys' fees. *Id*. at § 99(Q).

19. In short, a government official, on government stationery, demanded that Berge censor his First Amendment protected footage and speech, or further legal action would be taken. Since the law that they invoked was criminal in nature, this amounts to a threat of criminal prosecution, which would only be foregone if Berge ceased enjoying his First Amendment rights.

20. On information and belief, Defendants Lummis, Delisi, and Eason jointly decided to draft and send the March 3 letter to Mr. Berge.

RANDAZZA | LEGAL GROUP

21. On information and belief, Defendants Lummis, Delisi, and Eason were all aware of the March 3 letter and approved of it being sent.

22. On information and belief, Defendants Lummis, Delisi, and Eason all approved of the March 3 letter being sent for the specific purpose of silencing Mr. Berge's speech and removing content from the internet that they found personally embarrassing or unflattering.

**CAUSES OF ACTION**

***Count I***
**(42 U.S.C. 1983 – First Amendment)**

23. Plaintiff hereby repeats and realleges the preceding paragraphs of the Complaint as if set out in full herein.

24. Mr. Berge openly, after announcing that he was doing so, recorded conversations he had with Defendants Lummis and Delisi in a building accessible to the general public, and then published a video of these conversations on his publicly accessible Facebook page. He had a First Amendment right to record and publish these conversations.

25. Mr. Berge's purpose in publishing this video was to expose and comment on the unreasonableness of a government policy.

26. Defendants retaliated against Mr. Berge's protected speech by threatening to refer him for criminal prosecution and/or bring a civil suit for violation of the Wiretapping Law, despite no reasonable person possibly thinking Mr. Berge violated the law.

27. Defendants threatened Mr. Berge for the specific purpose of silencing his protected speech and removing the general public's ability to view this speech. Mr. Berge now fears the possibility of criminal prosecution and defending himself from a civil lawsuit. While such legal proceedings would be frivolous, it would be potentially ruinously expensive to defend himself against such actions.

28. English is not Mr. Berge's first language, and he is an immigrant unfamiliar with the legal system. Upon information and belief, the Defendants were aware of this, and attempted to take



RANDAZZA | LEGAL GROUP

advantage of this fact to intimidate him with a bogus legal threat, intended to frighten him into suppressing his own First Amendment rights. This conduct was discriminatory in nature.

29. Upon information and belief, Defendants each jointly agreed to draft and send the March 3 letter. Each individual Defendant had actual knowledge at the time the letter was sent that Mr. Berge had not violated the Wiretapping Law.

30. It is clearly established that there is a First Amendment right to openly record government officials in publicly-accessible areas acting in the course and scope of their duties.

31. Defendants' restriction on Plaintiff's speech, namely threatening him with criminal or civil proceedings for publishing speech protected by the First Amendment, is content- based and is in violation of the Free Speech Clause of the First Amendment.

32. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff has suffered irreparable harm, including potential loss of his constitutional rights, entitling Mr. Berge to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A. To declare that Defendants' restriction on Plaintiff's speech violates the First Amendment to the U.S. Constitution as set forth in this Complaint;

B. To preliminarily and permanently enjoin Defendants' restriction and forbid them from further threats and coercion as set forth in this Complaint;

C. To award Plaintiff damages for the past loss of his constitutional rights;

D. To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and,

E. To award such other relief as this Honorable Court may deem just and proper.

Dated: March 7, 2022

Respectfully Submitted,

/s/ Marc J. Randazza

Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Attorneys for Plaintiff
Inge Berge

RANDAZZA | LEGAL GROUP

**VERIFICATION OF COMPLAINT**

I, Inge Berge am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 3/7/2022

By: DocuSigned by: [signature] 2578F10E4A2344F...
Inge Berge

RANDAZZA | LEGAL GROUP