UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INGE BERGE,<br><br>                 Plaintiff,<br><br>  v.<br><br>SCHOOL COMMITTEE OF GLOUCESTER; BEN LUMMIS, in his personal capacity; ROBERTA A. EASON, in her personal capacity; and STEPHANIE DELISI, in her personal capacity,<br><br>                 Defendants. | Civil Action No. 1:22-CV-10346<br><br>**VERIFIED FIRST AMENDED COMPLAINT** |

       This is a Civil Action brought by Plaintiff Inge Berge against Defendants School Committee of Gloucester, Ben Lummis, Roberta A. Eason, and Stephanie Delisi. Mr. Berge brings a claim under 42 U.S.C. § 1983 for Defendants' violation of Mr. Berge's First Amendment rights, and alleges as follows:

**THE PARTIES**

       1.     Plaintiff Inge Berge is an individual and citizen journalist who resides in Gloucester, Massachusetts.

       2.     Defendant School Committee of Gloucester is a school committee organized pursuant to G.L. c. 43, sec. 31 and Article 4, Section 4-1(a) of the Code of Ordinance, City of Gloucester, Massachusetts, that exercises control and management of the public schools of the City of Gloucester.

       3.     Defendant Ben Lummis is the Superintendent of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

       4.     Defendant Roberta A. Eason is the Human Resources Director of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

       5.     Defendant Stephanie Delisi is the Executive Secretary of Gloucester Public Schools and, at all relevant times, resided in Gloucester, Massachusetts.

RANDAZZA | LEGAL GROUP

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution. Personal jurisdiction and venue should be obvious.

## FACTUAL BACKGROUND

7. Inge Berge is a citizen journalist residing in Gloucester, Massachusetts who publicly discusses Massachusetts and local governments' COVID-19 restrictions and other political issues.

8. On March 3, 2022, Inge Berge entered the office of the Superintendent of Gloucester Public Schools, Ben Lummis. He went there to discuss an issue wherein Gloucester Public Schools were limited seating capacity at school events purportedly for the purpose of public safety, despite all statewide COVID-19 mandates in Massachusetts having been lifted. These restrictions were making it difficult to purchase tickets for him to attend his daughter's middle school play.

9. The Superintendent's office is a public building that is accessible to the general public.

10. At the time Berge entered the building, there was neither signage nor any other indication that video recording or photography was restricted, not permitted, nor even discouraged.

11. At all times, Berge held his camera out in the open, and it was obvious to all parties that he was filming. He also verbally confirmed that he was filming.

12. When Mr. Berge entered the building, he was directed to Executive Secretary Stephanie Delisi and began to speak with her. He began this conversation by stating "I'm filming this, I'm doing a story on it."

13. At no point did anyone inform Mr. Berge that filming was not permitted, although two individuals did protest that they did not personally wish to be filmed. These individuals then retreated to private office areas, and were not filmed after that point.

14. Gregg Bach, the Assistant Superintendent of Teaching & Learning, then approached Mr. Berge and spoke with him regarding Mr. Berge's attempt to attend his daughter's play. The two

had a pleasant conversation, where Berge was clearly filming and Bach had no objection. After which, Mr. Berge left the building.

15. The same day, Mr. Berge then uploaded his recording of the above encounter to his publicly accessible Facebook page, adding commentary.[1]

16. Also on the same day, Mr. Berge received a letter from Gloucester Public Schools signed by Roberta A. Eason, its Director of Human Resources. This letter claimed that Mr. Berge was in violation of the Massachusetts wiretapping statute, Mass. Ann. Laws ch. 272, § 99 (the "Wiretapping Law"), because he recorded his conversation with Delisi without her consent and uploaded the video to Facebook.

17. The letter concludes with a demand that Mr. Berge "immediately remove the post from your Facebook account and/or any other communications to prevent the pursuit of legal in this matter." (*See* demand letter from Gloucester Public Schools, attached as **Exhibit 1**.)

18. Mr. Berge did not violate the Wiretapping Law. The law only forbids the "interception" of communications, which is defined as "to *secretly* hear [or] *secretly* record . . . the contents of any wire or oral communications . . . ." Mass. Gen. Laws ch. 272, § 99(B)(4) (emphasis added). The law thus prohibits only the surreptitious recording of conversations.

19. There was nothing "secret" about Mr. Berge's recording; he prominently displayed his recording device and informed Ms. Delisi he was recording.

20. Any reasonable person would know that Mr. Berge did not violate the Wiretapping Law. Any level of review of the law would inform the average person that recording a conversation with the knowledge of all participants does not violate it.

21. Though the March 3 letter does not specify what legal action Defendants were threatening to take, violation of the Wiretapping Law can bring a fine of $10,000 and up to five years in prison for secretly recording a conversation, and a fine of $5,000 and two years in jail for using such a recording. Mass. Ann. Laws ch. 272, § 99(C)(1) & (3)(b). Furthermore, any aggrieved person

---

[1] Available at: https://www.facebook.com/inge.berge.9/videos/157170217320409.

may bring a civil action for violation of the law, with possible remedies including (1) actual damages of up to $1,000; (2) punitive damages; and (3) attorneys' fees. *Id.* at § 99(Q).

22. In short, a government official, on government stationery, demanded that Berge censor his First Amendment protected footage and speech, or further legal action would be taken. Since the law that they invoked was criminal in nature, this amounts to a threat of criminal prosecution, which would only be foregone if Berge ceased enjoying his First Amendment rights.

23. On information and belief, Defendants Lummis, Delisi, and Eason jointly decided to draft and send the March 3 letter to Mr. Berge.

24. On information and belief, Defendants Lummis, Delisi, and Eason were all aware of the March 3 letter and approved of it being sent.

25. On information and belief, Defendants Lummis, Delisi, and Eason all approved of the March 3 letter being sent for the specific purpose of silencing Mr. Berge's speech and removing content from the internet that they found personally embarrassing or unflattering.

26. Since, and in apparent retaliation to, the filing of the initial complaint in this matter, the Defendants have continued to falsely insist that Berge's conduct violated the law, including Mass. Gen. Laws, ch. 272, § 99.

27. Since, and in apparent retaliation to, the filing of the initial complaint in this matter, Defendants have also falsely claimed that Berge's publication of the video violated the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

28. Since, and in apparent retaliation to, the filing of the initial complaint in this matter, Defendants have also published false public statements that Berge's publication of the video was not permitted or protected by the First Amendment, and continue to maintain that position, and all Defendants have refused to either repudiate their threats of legal action or to acknowledge that Berge had a First Amendment right to publish the video.

/ / /

## CAUSES OF ACTION

### *Count I*
### (42 U.S.C. 1983 – First Amendment)

29. Plaintiff hereby repeats and realleges paragraphs 1-28 as if set out in full herein.

30. Mr. Berge openly, after announcing that he was doing so, recorded conversations he had with Defendants Lummis and Delisi in a building accessible to the general public, and then published a video of these conversations on his publicly accessible Facebook page. He had a First Amendment right to record and publish these conversations.

31. Mr. Berge's purpose in publishing this video was to expose and comment on the unreasonableness of a government policy.

32. Defendants retaliated against Mr. Berge's protected speech by threatening to refer him for criminal prosecution and/or bring a civil suit for violation of the Wiretapping Law, despite no reasonable person possibly thinking Mr. Berge violated the law.

33. Defendants threatened Mr. Berge for the specific purpose of silencing his protected speech and removing the general public's ability to view this speech. Mr. Berge now fears the possibility of criminal prosecution and defending himself from a civil lawsuit. While such legal proceedings would be frivolous, it would be potentially ruinously expensive to defend himself against such actions.

34. English is not Mr. Berge's first language, and he is an immigrant unfamiliar with the legal system. Upon information and belief, the Defendants were aware of this, and attempted to take advantage of this fact to intimidate him with a bogus legal threat, intended to frighten him into suppressing his own First Amendment rights. This conduct was discriminatory in nature.

35. Upon information and belief, Defendants each jointly agreed to draft and send the March 3 letter. Each individual Defendant had actual knowledge at the time the letter was sent that Mr. Berge had not violated the Wiretapping Law.

36. It is clearly established that there is a First Amendment right to openly record government officials in publicly-accessible areas acting in the course and scope of their duties.

DocuSign Envelope ID: B194B737-5903-468C-AC45-7C3298061AD0

37. Defendants' restriction on Plaintiff's speech, namely threatening him with criminal or civil proceedings for publishing speech protected by the First Amendment, is content- based and is in violation of the Free Speech Clause of the First Amendment.

38. Given the fact that the defendants have continued, despite the filing of the initial complaint, to insist that Berge's filming was prohibited under the wiretapping statute, and that his publication of the video was not permitted under the First Amendment, and they to date have not retracted nor repudiated the legal threat they made, Berge remains fearful of further governmental retaliation in the form of civil claims, criminal claims, or government employees attempting to further censor him with the coordination of private actors.

39. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff has suffered irreparable harm, including potential loss of his constitutional rights, entitling Mr. Berge to declaratory and injunctive relief.

### *Count II*
**(Declaratory Relief – Non-violation of Mass. Gen. Laws, ch. 272, § 99)**

40. Plaintiff hereby repeats and realleges paragraphs 1-28 as if set out in full herein.

41. As set forth above, Defendants have continued to assert that Plaintiff's acts of recording and publishing the video a) violated Mass. Gen. Laws, ch. 272, § 99; b) violated FERPA; and c) were neither permitted nor protected by the First Amendment to the United States Constitution.

42. Mass. Gen. Laws, ch. 272, § 99, prohibits, as relevant here, the willful interception of certain oral communications and willful disclosure of the said oral communications. M.G.L. c. 272, § 99(C)(1) & (3).

43. Mass. Gen. Laws, ch. 272, § 99, defines "interception", in relevant part, as meaning "to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication".

44. At no time did Plaintiff record any Defendant secretly; all such recording was open, obvious, and/or disclosed.

45. Thus, Plaintiffs acts did not violate Mass. Gen. Laws, ch. 272, § 99.

46. Being falsely accused of violating state and Federal law, and in disregard of his First Amendment rights, places Plaintiff in fear of prosecution and is directly harmful to his reputation.

47. Plaintiff also desires to continue to record and publish videos, with audio included, of his anticipated future communications with Defendants.

48. Declaratory relief will be of practical assistance to Plaintiff in settling the controversies of whether he violated state or federal law and whether his activities are otherwise protected by the First Amendment.

### *Count III*
### (Declaratory Relief – Non-violation of FERPA)

49. Plaintiff hereby repeats and realleges paragraphs 1-28 as if set out in full herein.

50. FERPA prohibits the disclosure of "education records" by a federally-funded "educational agency or institution" without consent. 28 U.S.C. § 1232g(b).

51. Plaintiff is not an "educational agency or institution" and is, therefore, not governed by FERPA.

52. Plaintiff's video is also not an "education record" under FERPA as it a) contains no information directly related to a student, and b) it is not maintained by an educational agency or institution or by a person acting for such agency or institution. 28 U.S.C. § 1232g(a)(4).

53. Thus, Plaintiff's acts did not violate FERPA.

54. Being falsely accused of violating state and Federal law, and in disregard of his First Amendment rights, places Plaintiff in fear of prosecution and is directly harmful to his reputation.

55. Plaintiff also desires to continue to record and publish videos, with audio included, of his anticipated future communications with Defendants.

56. Declaratory relief will be of practical assistance to Plaintiff in settling the controversies of whether he violated state or federal law and whether his activities are otherwise protected by the First Amendment.

/ / /

### Count IV
### (Declaratory Relief – First Amendment Protects Plaintiff's Right to Publish)

57. Plaintiff hereby repeats and realleges paragraphs 1-28 as if set out in full herein.

58. Even if, hypothetically, Berge did not have a right to record the subject video, he had a First Amendment right to publish it.

59. Being falsely accused of violating state and Federal law, and in disregard of his First Amendment rights, places Plaintiff in fear of prosecution and is directly harmful to his reputation.

60. Plaintiff also desires to continue to record and publish videos, with audio included, of his anticipated future communications with Defendants.

61. Declaratory relief will be of practical assistance to Plaintiff in settling the controversies of whether he violated state or federal law and whether his activities are otherwise protected by the First Amendment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. To declare that Defendants' restriction on Plaintiff's speech violates the First Amendment to the U.S. Constitution as set forth in this Complaint;

B. To declare that Berge's conduct did not violate Mass. Ann. Laws ch. 272, § 99;

C. To declare that Berge's publication of the subject video is protected under the First Amendment;

D. To declare that none of Berge's actions violated FERPA;

E. To preliminarily and permanently enjoin Defendants' restriction and forbid them from further threats and coercion or any other actions calculated to censor Berge's speech;

F. To award Plaintiff damages for the past loss of his constitutional rights;

G. To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and,

H. To award such other relief as this Honorable Court may deem just and proper.

DocuSign Envelope ID: B194B737-5903-468C-AC45-7C3298061AD0

Dated: March 17, 2022

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Attorneys for Plaintiff
Inge Berge

## VERIFICATION OF COMPLAINT

I, Inge Berge am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 3/17/2022

By: _____
[DocuSigned by: 2578F10E4A2344F...]

# CERTIFICATE OF SERVICE

Civil Action No. 1:22-CV-10346

I hereby certify that, on this 17th day of March 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system and by email and U.S. Mail.

Stephanie Delisi
2 Blackburn Drive
Gloucester, Massachusetts 01930

Ben Lummis
2 Blackburn Drive
Gloucester, Massachusetts 01930

Roberta A. Eason
2 Blackburn Drive
Gloucester, Massachusetts 01930

School Committee of Gloucester
2 Blackburn Drive
Gloucester, Massachusetts 01930

And courtesy copy to:
Naomi Stonberg
Brody Hardoon Perkins & Kesten, LLP
699 Boylston Street
Boston, MA 02116
<nstonberg@bhpklaw.com>

/s/ Marc J. Randazza
Marc J. Randazza