# Exhibit 2

Email From Marc Randazza to Naomi Stonberg

March 22, 2022



**RANDAZZA**
LEGAL GROUP

Marc Randazza

---

**Re: Berge correspondence**
1 message

**Marc Randazza**  Tue, Mar 22, 2022 at 1:50 PM
To: Naomi Stonberg
Cc: Kathy Clancy, Ben Lummis, Gregor Pagnini, John Davis

Thank you. I think that there may be some confusion as to our position. In the last version of the settlement agreement we provided to you, we wanted you to acknowledge that his actions in *making* the video were not a violation **of the wiretapping statute**.

We have accepted, for the sake of peace at this time, your position that there was no First Amendment right to record in that office. (We do disagree, but had not sought your admission of this, nor do we bring that claim in the amended complaint). We also believe that even absent the First Amendment, he had a right to record. Nevertheless, we have not sought your capitulation on that point.

We did, however, seek your capitulation to the point that Mr. Berge had a First Amendment right to **publish** the video. We still maintain that position. Even if the video was unlawfully made (which it was not - but for the sake of discussion let us just say it was) he would still have a First Amendment right to **publish** it. The legal threat was that he would be prosecuted if he did not cease **publication** of the video.

We do acknowledge that in your letter, you are now agreeing that the *district* will take no further action, but you do not make any statement in it about your other clients (I presume that you still represent all of the defendants). Therefore, this letter does not resolve the dispute. My client still must operate under the cloud that Ms. Delisi or other parties might 1) seek prosecution, 2) seek civil claims, or 3) will take other extra-judicial steps to censor my client.

It is unfortunate that you rejected a settlement agreement in which all you had to do was acknowledge my client's rights as we have claimed them, with us specifically omitting a First Amendment right to record in the building. (We believe there are other legal reasons that he could do that, but in the interest of compromise, we backed down from claiming a First Amendment right to record).

Accordingly, this case will continue both against the district and against the individuals involved.

Should you decide to re-engage in settlement talks and all parties enter into an agreement that would actually lift all cloud of concern from my client's head, and acknowledge his First Amendment right to **publish**, you could save the district significant litigation costs. However, if you or the district believe that the case should continue rather than acknowledge this clear fact, we are prepared to litigate this case further.

In short, we gratefully acknowledge the ground that you have given here. Do not think that we lack gratitude for that. But, we expect the government and its employees to comfort Mr. Inge that the Constitutional rights he emigrated here to enjoy will not be molested by any defendant in any way.

> On Tue, Mar 22, 2022 at 4:08 PM Naomi Stonberg wrote:
> Attached please find correspondence regarding the above-mentioned individual.
>
> Naomi Stonberg
> Brody, Hardoon, Perkins and Kesten



--

**Marc John Randazza, JD, MAMC, LLM\*** | Randazza Legal Group



\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.