# **Exhibit A**

Public Records Request


City Hall
Nine Dale Avenue
Gloucester, MA 01930




TEL 978 281-9727
FAX 978 281-9734

# CITY OF GLOUCESTER

**LEGAL DEPARTMENT**

June 6, 2022

*Via email mjr@randazza.com*

Marc Randazza, Esq.
Randazza Legal Group
30 Western Avenue
Gloucester, MA 01930

Re: Public Records Request – #22-249

Dear Attorney Randazza:

I am writing to acknowledge receipt of your letter dated May 26, 2022 in connection with your May 8, 2022 request as follows:

> **Any policies that existed prior to March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**
>
> **Any meeting minutes between January 1, 2022 to the present date that adopt a policy regarding filming and/or recording by cell phone within the Gloucester Public School Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**
>
> **Any policies after March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**

The School Department has made a diligent search of its records and no documents responsive to your request exist.

You have the right of administrative appeal to the Supervisor of Public Records under 950 CMR 32.08(1) and the right to seek judicial review of an unfavorable decision by commencing a civil action in the superior court.

Sincerely,

/s/
Suzanne P. Egan
General Counsel




**Marc J. Randazza, JD, MAMC, LLM**
Licensed in AZ, CA, FL, MA, NV

**26 May 2022**

Via Email and U.S. Mail
segan@gloucester-ma.gov

Suzanne P. Egan
City of Gloucester Legal Department
Nine Dale Avenue
Gloucester, MA 01930

***Re: Public Records Request – #22-249***

Dear Attorney Egan:

On May 8, 2022, we requested three categories of documents. First, any policies that existed prior to March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office. Second, any meeting minutes between January 1, 2022 to the present date that adopt a recording policy. Third, any policies adopted after March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office.

Despite the 10-business day requirement under G.L. c. 66, § 10, we received a letter from you 11-business days later on May 23, 2022 that was largely unresponsive to our request. For example, you cited an exemption to the meeting minutes request, while also stating that "the City does not have any records responsive to your requests" regarding meeting minutes.

The remaining portion of this letter provides a response to your generally cited exemptions. We look forward to a more responsive letter from you that cites "specific reasons" for withholding documents as required by G.L. c. 66, § 10(iv) or, better yet, that you comply with the request and provide the documents.

First, it appears you have denied our requests in the third paragraph asking for any policies after March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office.

It is somewhat unusual that the City of Gloucester would refuse to disclose public policies. "The primary purpose of G.L. c. 66, § 10, is to give the public broad access to government documents." *Harvard Crimson, Inc. v. President and Fellows of Harvard College*, 445 Mass. 745, 749 (2006). It is even more confounding that your purported justification directly contradicts case law. "The existence of litigation, however, does not eliminate the obligation of a public agency to comply with the Public Records Law, nor are records relevant to pending litigation exempted from the definition of 'public records.'" *Rosario v. Nashoba Reg'l Sch. Dist.*, No. 18-1899D, 2020 Mass. Super. LEXIS 416, at *3 (Feb. 11, 2020). The requests in the third paragraph are not part of active litigation but, even if they were, you are required to provide them under the public records law.




Second, regarding the request for meeting minutes that **adopt** a policy regarding filming and/or recording by cell phone within the Gloucester Public School Administration Office, it appears you claim that the records are exempt because disclosure would defeat a lawful purpose of the executive session. However, you fail to state or even allude to what that "purpose" might be. We are left merely to conclude that you are hiding something.

There is a presumption that each record sought is public and the agency seeking to withhold the records must prove "by a preponderance of the evidence, that such record **or portion of the record** may be withheld in accordance with state or federal law." G.L. c. 66, §10A(d)(1). The superior court may "award reasonable attorney fees and costs" with a "presumption in favor of an award of fees and costs unless the agency or municipality establishes," among other things, that it "reasonably relied upon" a published opinion of a Massachusetts appellate court or the Attorney General based on substantially similar facts. G.L. c. 66, §10A(d)(2).

Opinions of the Attorney General's Office consistently quote an important part of G.L. c. 30A, §22(f), "when the purpose for a valid executive session has been served, the minutes and any documents or exhibits used at the session **must be** disclosed unless the attorney-client privilege or an exemption to the public records law applies to withhold them, in whole or in part, from disclosure." *See generally* 2021 MASS. AG LEXIS 175, *5 (Mass. Att'y Gen. October 15, 2021). There is no lawful purpose to withhold discussions about adopting a public policy on recording in a government building. Even if there were some lawful purpose, after the policy has been voted on, the purpose is complete and the meeting minutes must be disclosed.

To the extent that you believe that the litigation exception under G.L. c. 30A, § 21 might apply, we are not requesting any discussions about a litigation position. Any positions on litigation can and should be redacted from the meeting minutes. We are requesting the meeting minutes that adopt a recording policy and the discussions therein about the policy. *Foudy v. Amherst-Pelham Regional Sch. Comm.*, 402 Mass. 179, 184, 521 N.E.2d 391 (1988) ("It is essential to a democratic form of government that the public have broad access to the decisions made by its elected officials and *to the way in which the decisions are reached*.") (emphasis added).

Moreover, there are specific requirements that must be followed to receive the litigation exception under G.L. c. 30A, § 21(a)(3). Where the procedures are not properly followed, the Attorney General's Office has ordered the unredacted release of the entire meeting meetings. *See* 2021 MASS. AG LEXIS 33 (Mass. Att'y Gen. March 1, 2021). At this time, we are only requesting the meeting minutes regarding the adoption of a policy on filming and/or recording by cell phone within the Gloucester Public School Administration Office. However, if we are forced to pursue litigation, we may wind up with everything, including litigation positions if the proper protocol was not followed.

We will give you 10 days to fully comply with the public records request before filing a lawsuit against the City of Gloucester to get this information.




In the meantime, you are clearly aware of the lawsuit that Mr. Berge brought, and the strange position that the City has taken – that since there is a "policy" against filming, that both the filming and the publication of the film contents were unlawful. Meanwhile, you seem to be taking the position that there was no policy at the time, but there is one now. However, what that policy is, and how it was adopted, is a secret that the public can not know.

This can not be the case, and can not be conduct that is consistent with the open records and open meetings laws.

I understand that taking positions contrary to law is unlikely to cost you personally, and thus your risk profile is not the same as a private entity. Nevertheless, you do have an ethical obligation to make the right legal decision – not just one that conforms to the emotions of those who are upset at Mr. Berge. Gloucester's tax dollars are better spent on a stamp and an envelope enclosing the requested materials than they are on a lawsuit that we most certainly will file if you continue on your current course.

You have 10 days in which to reconsider your position. We expect to receive the requested information by Friday, June 10, 2022.

Sincerely,

Marc J. Randazza

City Hall
Nine Dale Avenue
Gloucester, MA 01930






TEL 978 281-9727
FAX 978 281-9734

# CITY OF GLOUCESTER

**LEGAL DEPARTMENT**

May 23, 2022

John Morris, Esq.
Randazza Legal Group
rjm@randazza.com
30 Western Ave., Gloucester, MA 01930

*Via Next Request*

Re: Public Records Request – #22-249

Dear Attorney Morris:

This letter is in response to your public records request received on May 8, 2022. You have asked for the following documents:

> **Any policies that existed prior to March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**
>
> **Any meeting minutes between January 1, 2022 to the present date that adopt a policy regarding filming and/or recording by cell phone within the Gloucester Public School Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**
>
> **Any policies after March 3, 2022 regarding filming and/or recording by cell phone within the Gloucester Public Schools Administration Office located at 2 Blackburn Drive Gloucester, MA 01930.**

The Public Records Access Regulations, 950 CMR 32.08(2)(b)(1) provides in relevant part that: the supervisor of public records may deny an appeal if "the public records in question are the subjects of disputes in active litigation, administrative hearings or mediation;". Given the nature of your request and the clear relation between that request and *Inge Berge v. School Committee of Gloucester et al.*, which is presently being handled by your office, it is the City's position the records are not subject to a public records request. The Public Records Law is not intended as a vehicle to circumvent the normal civil discovery processes, where those apply, as they do

here. Instead, your client's rights and ability to obtain discovery of documentation from the City, if any, is governed by the Massachusetts Rules of Civil Procedure and any other applicable legal rules/limitations given the nature of the cause of action. Accordingly, as your request does not constitute a public records request, the City is not obligated to respond to same under the provisions of the Public Records Law.

Additionally, The documents requested regarding meeting minutes are exempt from the public records law *G.L. c. 4, § 7(26)(a) materials otherwise exempt by statute*. G.L. c. 30A, § 22(f) provides: "[t]he minutes of any executive session, the notes, recordings or other materials used in the preparation of such minutes and all documents and exhibits used at the session, may be withheld from disclosure to the public in their entirety under subclause (a) of clause Twenty-sixth of section 7 of chapter 4, as long as publication may defeat the lawful purposes of the executive session, but no longer; provided, however, that the executive session was held in compliance with section 21."

Further, the City does not have any records responsive to your requests listed in paragraphs 1 and 2.

If you wish to challenge any aspect of this response, you may appeal to the Supervisor of Records following the procedure set forth in 950 C.M.R. 32.08, a copy of which is available at http://www.mass.gov/courts/case-legal-res/law-lib/laws-by-source/cmr/. You may also file a civil action in accordance with M.G.L. c. 66, § 10A.

Sincerely,

Suzanne P. Egan
General Counsel

SPE/kml